# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WHARTON LH LP, | HON. JOHN MICHAEL VAZQUEZ, U.S.D.J. |
| Plaintiff, | |
| v. | Civil Action No. 2:20-cv-18008-JMV-JBC |
| TRI-COASTAL DESIGN SERVICES, LLC, TRI-COASTAL DESIGN GROUP, INC., TRI-COASTAL DESIGN-CHARACTER LICENSE, LLC, LOOP DESIGN CO., MARVIN STUTZ, MICHAEL MASTRANGELO, DENNIS MASTRANGELO, TODD SOLOMON, JOHN/JANE DOES 1-10 (fictitious persons), and ABC CORP. 1-10 (fictitious entities), | **Motion Date: January 19, 2021** |
| | **Oral Argument Requested If Opposed** |
| | (Document Electronically Filed) |
| Defendants. | |

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
_____

On the Brief:

C. John DeSimone, III, Esq.
Stephen R. Catanzaro, Esq.
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054
(973) 966-6300
*Attorneys for Plaintiff Wharton LH LP*

# **TABLE OF CONTENTS**

<u>Page</u>

Table Of Authorities ...............................................**Error! Bookmark not defined.**

Introduction ........................................................................................1

Procedural Background .......................................................................1

Argument............................................................................................4

      I.     The Forum Defendant Rule Applies Because Nine of Ten Named Defendants are Admittedly Citizens of New Jersey ............................5

      II.    Defendant Tri-Coastal Design Services, LLC Waived Its Right to Remove...............................................................................................7

      III.   Defendants Failed to Identify the Citizenship of the Defendant Limited Liability Companies and Plaintiff Limited Partnership ........11

      IV.   The Court Should Award Plaintiff Attorneys' Fees and Costs...........12

Conclusion .......................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderton v. 3M Co.*,
  No. 18-14949, 2019 WL 2009788 (D.N.J. May 7, 2019) ...................................5

*Cornett v. Carrithers*,
  465 F. App'x 841 (11th Cir. 2012) ......................................................................10

*Deutsche Bank National Trust Co. v. Onyewuenyi*,
  No. 14-3591, 2014 WL 4354106 (D.N.J. Sept. 3, 2014)......................................6

*Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*,
  902 F.3d 147 (3d Cir. 2018) .................................................................................5

*Foster v. Chesapeake Insurance Co.*,
  933 F.2d 1207 (3d Cir. 1991) ........................................................................10, 11

*Hayden Asset VI, LLC v. Silvio Desouza, LLC*,
  No. 13-03915, 2014 WL 1056498 (D.N.J. Feb. 25, 2014)..............................6, 12

*Judon v. Travelers Property Casualty Co. of America*,
  773 F.3d 495 (3d Cir. 2014) .................................................................................4

*League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*,
  921 F.3d 378 (3d Cir. 2019) ...............................................................................12

*Lincoln Benefit Life Co. v. AEI Life, LLC*,
  800 F.3d 99 (3d Cir. 2015) .................................................................................11

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005).............................................................................................12

*Mizauctions, LLC v. Cross*,
  No. 17-02935, 2017 WL 3602079 (E.D. Pa. Aug. 22, 2017)..............................10

*New Jersey v. Merrill Lynch & Co.*,
  640 F.3d 545 (3d Cir. 2011) .............................................................................8, 9

*Oxford Realty Group, LLC v. Axis Reinsurance Co.*,
    No. 08-6303, 2009 WL 1324028 (D.N.J. May 12, 2009) ....................................9

*Greenfish II, L.P. ex rel. Purplefish, LLC v. International Portfolio, Inc.*,
    No. 11-7628, 2012 WL 3024759 (E.D. Pa. July 24, 2012) ................................10

*Sompo Japan Insurance, Inc. v. Alarm Detection Systems, Inc.*,
    No. 03-2322, 2003 WL 21877615 (N.D. Ill. Aug. 6, 2003) ..............................10

*Specialized Loan Servicing, LLC v. Albert*,
    No. 16-3233, 2017 WL 401947 (D.N.J. Jan. 30, 2017) .......................................5

*Step Plan Services, Inc. v. Koresko*,
    219 F. App'x 249 (3d Cir. 2007) .......................................................................12

*Thomas-Brady v. Liberty Mutual Fire Insurance Co.*,
    No. 11-2281, 2011 WL 6150643 (E.D. Pa. Dec. 12, 2011) ...............................10

*Williams v. Daiichi Sanyko, Inc.*,
    13 F. Supp. 3d 426 (D.N.J. 2014) ........................................................................4

*Yakin v. Tyler Hill Corp.*,
    566 F.3d 72 (2d Cir. 2009) ................................................................................10

**Statutes**

28 U.S.C. § 1441 ...............................................................................................5, 9

28 U.S.C. § 1447 .............................................................................................4, 12

**INTRODUCTION**

This removal is the latest chapter in the ongoing efforts by Defendants to evade debts owed by Defendant Tri-Coastal Design Services, LLC ("Tri-Coastal Services") to Plaintiff.  In another hopeless bid for delay and to increase the cost of this litigation, Defendants have improperly removed this case from the Superior Court of New Jersey purportedly claiming diversity jurisdiction.   But as demonstrated below, Defendants lacked any objectively reasonable basis for removal.

Indeed, there are multiple grounds for remanding this litigation.  First, the forum defendant rule precludes removal because nine of the ten defendants are self-described citizens of New Jersey.  Second, Tri-Coastal Services waived its right to remove pursuant to the forum selection clause in its commercial lease agreement.  Third, Defendants failed to specify the citizenship of the members and partners in various limited liability companies and limited partnership that are parties to this action.

Accordingly, Plaintiff requests that the Court return this litigation to where it belongs and award Plaintiff its attorneys' fees and costs.

**PROCEDURAL BACKGROUND**

In January 2010, Tri-Coastal Services entered into a lease agreement for 180,000 square of commercial space in Wharton, New Jersey.  (ECF No. 1 ¶ 26;

ECF No. 1, Ex. A, Standard Industrial Lease.)  As detailed in the First Amended Complaint, Tri-Coastal Services ultimately defaulted on its obligations under the lease.  (ECF No. 1 ¶¶ 35, 40-43.)  All the while, Tri-Coastal Services, along with the balance of defendants (its owners and affiliates), executed a fraudulent scheme to transfer money to insiders and other entities in order to render itself judgment-proof against Plaintiff, who had acquired the original lease holder's interest.  (*E.g.*, *id.* ¶¶ 17-18, 36-39, 44-51.)

Defendants' actions have led to three lawsuits.  First, there is the underlying Law Division action for unpaid rent bearing docket number MRS-L-978-20 (the "Breach Litigation").  (DeSimone Decl. ¶ 3.)  Plaintiff filed the Breach Litigation against Tri-Coastal Services in May 2010 in the Superior Court of New Jersey.  (*Id.*)  Marvin Stutz, one of Tri-Coastal Services principals, was joined to the Breach Litigation via an amended complaint.  (*Id.*)  Tri-Coastal Services unsuccessfully opposed Plaintiff's amendment and Marvin Stutz unsuccessfully moved to dismiss claiming that the Superior Court lacked jurisdiction over him.  (*Id.*)  Tri-Coastal Services eventually entered into a consent judgment in the amount of $723,459.46 and Plaintiff's claims against Stutz remain pending.[1]  (ECF No. 1 ¶¶ 55-56.)

---

[1] Once this matter is remanded, Plaintiff will likely seek to consolidate this matter with the Breach Litigation.

2

The second suit was a Superior Court of New Jersey, Special Civil Part, Landlord/Tenant summary possession action against Tri-Coastal Services bearing docket number MRS-LT-001050-20 (the "Eviction Action").  (DeSimone Decl. ¶ 4.)  Tri-Coastal Services entered into a Consent Judgment for possession and agreed to vacate the subject warehouse, which it eventually did but after the date specified in the Consent Judgment.  (ECF No. 1 ¶¶ 58-59.)  Neither Tri-Coastal Services nor Stutz sought to remove the Breach Litigation or the Eviction Action.  (DeSimone Decl. ¶ 5.)

During the course of the Breach Litigation, Plaintiff became aware of certain misconduct on the part of Defendants that gave rise to additional causes of action premised upon Defendants' fraudulent conveyances.  (ECF No. 2-1, Complaint ¶¶ 16-19.)  On November 17, 2020, Plaintiff filed a fraudulent conveyance action in the Superior Court of New Jersey bearing docket number MRS-L-2373-20 (the "Fraud Suit").  (ECF No. 2-1, Complaint.)  The next day, November 18, 2020, eight of the ten defendants through counsel acknowledged service of the Summons, Complaint, CIS, and Track Assignment Notice by written stipulation.  (DeSimone Decl. ¶ 7.)  The remaining defendants, Dennis Mastrangelo and Todd Solomon, were personally served with the same documents on November 19, 2020 and November 21, 2020, respectively.  (*Id.* ¶¶ 8-9.)  On November 25, 2020, Plaintiff filed a First Amended Complaint which was served on all Defendants on November 25 or 30, 2020.  (ECF

3

No. 1; DeSimone Decl. ¶¶ 10-12.)  None of these three suits contain any federal claims.  (DeSimone Decl. ¶ 13.)

On December 3, 2020, after service of the Complaint (and First Amended Complaint), Defendants purported to file a notice of removal on the basis of diversity jurisdiction.  (ECF No. 2.)  Defendants have attempted to remove this case despite having previously litigated two other lawsuits filed by Plaintiff in state court and, as demonstrated below, despite obvious defects that preclude removal.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1447(c), a case removed from state court should be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  Defendants bear the burden of establishing that removal was appropriate and that this Court has subject matter jurisdiction over the action. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). "The federal removal statute is 'to be strictly construed against removal'" and "all doubts regarding removal must be resolved in favor of remand." *Williams v. Daiichi Sanyko, Inc.*, 13 F. Supp. 3d 426, 429 (D.N.J. 2014) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

Here, there are three independent grounds for remanding the case: (1) the forum defendant rule applies because nine of ten defendants are admittedly New Jersey citizens; (2) Defendant Tri-Coastal Services waived its right to remove by

4

virtue of a forum selection in the lease agreement; and (3) Defendants failed to properly identify the citizenship of the members and partners in the party limited liability companies and limited partnerships. In these circumstances, the case should be remanded to the Superior Court of New Jersey and Plaintiff should be awarded its fees and costs because Defendants lacked an objectively reasonable basis for removal.

## I. The Forum Defendant Rule Applies Because Nine of Ten Named Defendants are Admittedly Citizens of New Jersey

The federal removal statute provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision—known as the "forum defendant rule"—exists in order to "prevent favoritism for in-state litigants, and discrimination against out-of-state litigants." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (citations omitted).

In sum, the forum defendant rule provides that a diversity action cannot removed if *any* of the defendants properly joined and served is a citizen of the state where the action was first filed. *See Anderton v. 3M Co.*, No. 18-14949, 2019 WL 2009788, at *1–2 (D.N.J. May 7, 2019) (remanding case removed the Superior Court of New Jersey because defendant was a citizen of New Jersey); *Specialized Loan*

5

*Servicing, LLC v. Albert*, No. 16-3233, 2017 WL 401947, at *2 (D.N.J. Jan. 30, 2017) (same); *Deutsche Bank Nat'l Tr. Co. v. Onyewuenyi*, No. 14-3591, 2014 WL 4354106, at *2 (D.N.J. Sept. 3, 2014) (same); *Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 13-03915, 2014 WL 1056498, at *3 (D.N.J. Feb. 25, 2014) (same).

In this case, the forum defendant rule bars removal because Defendants cited diversity jurisdiction as the only grounds for removal despite nine of ten of the named defendants claiming to be citizens of New Jersey. (ECF No. 2 at 3 ("Defendants are informed and believe that All the individual Defendants reside and work in the State of New Jersey except for Defendant Marvin Stutz … and all of the corporate and limited liability company defendants were formed in and are located in the State of New Jersey ….").).[2] Moreover, all of the defendants were properly joined and served before removal. Eight of the ten defendants acknowledged service through counsel on November 18, 2020. (DeSimone Decl. ¶ 7.) The remaining two defendants were served with a copy of the complaint on November 19 and 21, 2020, respectively. (*Id.* ¶¶ 8-9.)

---

[2] For purposes of the forum defendant rule, Plaintiff assumes that the limited liability company defendants—Tri-Coastal Design Services, LLC, Tri-Coastal Design-Character License, LLC, and Posh and Pop Online, LLC—are citizens of New Jersey because they are New Jersey entities. But as discussed *infra*, it is impossible to conclusively determine the citizenship of these entities absent information about their members, which Defendants failed to provide in their notice of removal.

Defendants' admission that nine of ten defendants are citizens of New Jersey is consistent with Plaintiff's allegations in the First Amended Complaint:  (1) Tri-Coastal Services is a New Jersey Limited Liability Company with its principal place of business in Essex Fells, New Jersey; (2) Tri-Coastal Design Group, Inc. is a New Jersey corporation with its principal place of business in Essex Fells, New Jersey; (3) Tri-Coastal Design-Character License, LLC is a New Jersey Limited Liability Company with its principal place of business in Essex Fells, New Jersey; (4) Posh and Pop Online, LLC is a New Jersey Limited Liability Company with its principal place of business in Essex Fells, New Jersey; (5) Loop Design Co., Inc. is a New Jersey corporation with its principal place of business in Essex Fells, New Jersey; (6) Loop Licensing Co., Inc. is a New Jersey corporation with its principal place of business in Essex Fells, New Jersey; (7) Michael Mastrangelo resides in Essex Fells, New Jersey; (8) Dennis Mastrangelo resides in Bernardsville, New Jersey; and (9) Todd Solomon resides in Washington, New Jersey.  (ECF No. 1 ¶¶ 2-7, 10-12).

Accordingly, removal was improper and the case must be remanded.

## II.   Defendant Tri-Coastal Design Services, LLC Waived Its Right to Remove

Besides violating the forum defendant rule, Defendants also failed to secure the unanimous consent of all of the defendants before removing this case.  As demonstrated below, Tri-Coastal Services could not agree to removal because it

waived its removal rights by virtue of a forum selection clause in the lease agreement.

As part of its lease agreement, Tri-Coastal Services agreed that "[t]his Lease shall be governed by the laws of the state in which the Project is located, and any litigation concerning this Lease between the parties hereto shall be initiated in the county in which the Project is located." (ECF No. 1, Ex. A, Standard Industrial Lease § 46.)[3]  The "Project" consisted of the leased property, which was located in Wharton, New Jersey. (*Id.* §§ 1.4, 1.5, 2.1.) Wharton is a borough of Morris County, New Jersey.

This lease provision—which operates as a choice of law and forum selection clause—waived Tri-Coastal Service's right to remove to federal court a lawsuit concerning the lease agreement. "[A] defendant can contractually waive his right to remove . . . an action brought . . . in a state court." *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 547 (3d Cir. 2011) (quoting 14B Charles Alan Wright et al., *Federal Practice & Procedure* § 3721 at 97 (4th ed. 2009)). A lawsuit with multiple defendants cannot be removed so long as one defendant is bound by a contractual

---

[3] As noted, Plaintiff is the successor in interest to the landlord in the lease agreement. (ECF No. 1 ¶ 24; *id.*, Ex. A, Standard Industrial Lease § 1.2.) In addition, Plaintiff and Tri-Coastal Services executed an amended lease agreement in January 2020. (ECF No. 1, Ex. B, Lease Amending Agreement.) The amended lease agreement did not alter the forum selection clause and affirmed that the terms of the original lease agreement remained in force. (ECF No. 1 ¶¶ 33-34.)

waiver because, in these circumstances, it is impossible for all of the defendants to join in or consent to the removal as required by the removal statute. *Oxford Realty Grp., LLC v. Axis Reinsurance Co.*, No. 08-6303, 2009 WL 1324028, at *5 (D.N.J. May 12, 2009); *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

In determining whether a forum selection clause amounts to a waiver of the right to remove, federal courts look to the "plain and ordinary meaning" of the clause. *Merrill Lynch & Co.*, 640 F.3d at 548. Here, the plain meaning of the lease agreement confirms that the case should be remanded. As an initial matter, the forum selection clause applies because this lawsuit is "litigation concerning this Lease." Plaintiff has alleged, among other things, that Tri-Coastal Services failed to pay debts arising out of the lease agreement and executed a fraudulent scheme to avoid paying those same debts. (*E.g.*, ECF No. 1 ¶ 16.) Accordingly, both Plaintiff and Tri-Coastal Services were contractually bound to initiate the litigation in Morris County, New Jersey because that is where the "Project" was located. Plaintiff complied by filing suit in Morris County in the Superior Court of New Jersey. (ECF No. 1.) Plaintiff could not have filed in federal court because there is no federal court located in Morris County, New Jersey.

Besides restricting where a lawsuit can be filed, the forum selection clause also bars a party from removing an already-filed case to federal court.  By agreeing to initiate lawsuits in specific jurisdiction, Tri-Coastal Services agreed to go to, *and stay in*, that particular forum.  *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991).  And even if the forum selection clause did not explicitly bar all removal, at a minimum, it bars removal to a federal court that is not located within Morris County.  *See Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (enforcing forum selection clause barring removal because the clause specified a particular county for lawsuits and there was no federal court in that county); *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (same); *Mizauctions, LLC v. Cross*, No. 17-02935, 2017 WL 3602079, at *3 (E.D. Pa. Aug. 22, 2017) (same); *see also Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, No. 03-2322, 2003 WL 21877615, at *2 (N.D. Ill. Aug. 6, 2003) ("A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county.").[4]

---

[4] Courts have reached this same result when considering a request to dismiss or transfer a case filed in federal court that does not sit in the county identified in the forum selection clause.  *Greenfish II, L.P. ex rel. Purplefish, LLC v. Int'l Portfolio, Inc.*, No. 11-7628, 2012 WL 3024759, at *5 (E.D. Pa. July 24, 2012); *Thomas-Brady v. Liberty Mut. Fire Ins. Co.*, No. 11-2281, 2011 WL 6150643, at *3 (E.D. Pa. Dec. 12, 2011).

The Court should enforce the forum selection clause and Tri-Coastal Service's waiver of its right to remove.  A forum selection clause is prima facia valid and enforceable unless the defendant can show that it is "unreasonable" under the circumstances.  *Foster*, 933 F.2d at 1219 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)).  This requires a "strong showing" that the selected forum is "so gravely difficult and inconvenient" that the defendant will "for all practical purposes be deprived of his day in court," or that the clause was procured through "fraud or overreaching."  *Id.* (quoting *M/S Bremen*, 407 U.S. at 15, 18).

Simply put, Tri-Coastal Services cannot make anything approaching that type of showing here.  Litigating in the Superior Court of New Jersey will not deprive any of the parties of their day in court.  Indeed, Tri-Coastal Services has already litigated the lease agreement in this forum as part of both the Breach Litigation and Eviction Action.  Moreover, the lease agreement was negotiated at arm's length between commercial parties and the forum selection clause is not the result of fraud.

## III.   Defendants Failed to Identify the Citizenship of the Defendant Limited Liability Companies and Plaintiff Limited Partnership

Even assuming that removal was not barred by virtue of the forum defendant rule and the forum selection clause, the case should still be remanded in light of deficiencies in the notice of removal.  It is black-letter law that the citizenship of a limited liability company ("LLC") or limited partnership ("LP") is determined by the citizenship of its members or partners.  *Lincoln Benefit Life Co. v. AEI Life, LLC*,

11

800 F.3d 99, 104-05 (3d Cir. 2015). Yet Defendants failed to indicate in their notice of removal the citizenship of the members of the various Defendant LLCs or of Plaintiff LP. Absent this information, Defendants have not established that there is complete diversity of citizenship between the parties, and the case should be remanded. *Hayden Asset VI, LLC*, 2014 WL 1056498, at *4 (remanding case where defendant failed to provide citizenship of LLC members).

## IV.   The Court Should Award Plaintiff Attorneys' Fees and Costs

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also League of Women Voters of Pa. v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (awarding fees and costs where removal was untimely and lacked the consent of all defendants); *Step Plan Servs., Inc. v. Koresko*, 219 F. App'x 249, 250 (3d Cir. 2007) (awarding fees and costs where defendant failed to obtain unanimous consent of all defendants).

Here, Defendants' purported removal was deficient in three truly obvious ways. Defendants clearly lacked an objectively reasonable basis for seeking removal and fees and costs should be awarded. In particular, it was apparent from the face

of the complaint and a cursory review of the removal statute that the forum defendant rule precluded removal in this case.  Defendants lacked any grounds for avoiding the forum defendant rule having previously accepted service of process or having been personally served.  In these circumstances, fees and costs should be awarded.

## **CONCLUSION**

For these reasons, Plaintiff requests that the Court grant its motion to remand and enter an order remanding this case to the Superior Court of New Jersey Law Division – Morris County.

ATTORNEYS FOR PLAINTIFF
WHARTON LH LP

By:  */s/ C. John DeSimone, III*
        C. John DeSimone, III, Esq.
        Stephen R. Catanzaro, Esq.
        DAY PITNEY LLP
        One Jefferson Road
        Parsippany, NJ 07054
        (973) 966-6300
        cjdesimone@daypitney.com
        scatanzaro@daypitney.com

Dated: December 24, 2020

13